**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| ROBERT HOLLAND KOON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL MCCALL; CHARLES ) <br> WILLIAMS; LT. ROBYN TAYLOR; NURSE ) <br> RICHTER; CHAPLIN BARBER; OFC. ) <br> COLLIER; and ARTISON BROWN, ) <br> ) <br> Defendants. ) <br> _____) | No. 4:19-cv-00406-DCN <br><br> **ORDER** |

This matter is before the court on plaintiff Robert Koon's ("Koon") motion to set aside settlement, ECF No. 62, defendants Michael McCall, Charles Williams, Lieutenant Robyn Taylor, Lieutenant Rhodesia D. Taylor, Nurse Deborah J. Richter, Chaplain Nedenia Barber, Officer Dyral Collier, and Sergeant Ardister Brown's (misidentified as "Artison-Brown") ("defendants") motion to enforce settlement, ECF No. 60, and related filings.[1] For the reasons set forth below, the court denies the motion to set aside the

---

[1] Although replies are discouraged under Local Rule 7.07 (D.S.C.), Koon nevertheless mailed the court multiple letters and filings all relating to his request that this court set aside the settlement agreement. See ECF Nos. 63, 65, 67, 71, 75, 78, 81, 82. Koon did not move this court for leave to file any additional documents in connection with his motion nor does this court find leave to so file appropriate. Even given the liberal standard afforded pro se litigants, the court will not entertain a barrage of letters and filings in connection to a single motion, and pro se litigants must still respect the decorum of this court by following its filing rules and procedures. Therefore, the court will not consider any of Koon's letters and filings related to his motion to set aside settlement after the deadline to file a reply, September 9, 2020, nor will it consider any filings related to defendants' motion to enforce settlement after defendants' reply to the same, ECF No. 69.

1

settlement agreement, grants the motion to enforce settlement, and finds as moot all other motions and filings.[2]

## I. BACKGROUND

Koon filed this action pro se, alleging various violations of his civil rights by defendants while imprisoned at the South Carolina Department of Corrections' McCormick Correctional Institution. In addition to monetary compensation for the alleged violations of his civil rights, Koon sought the modification of his sentence—life imprisonment without the possibility of parole—in favor of his immediate release from incarceration. In August 2019, this court appointed counsel for Koon, W. Christopher Swett, in connection with his related claims in Koon v. Clark, No. 4:18-cv 01584 ("Clark"). Thereafter, Koon and defendants engaged in continuous settlement discussions to resolve this and other matters. The parties reached an agreement to resolve and dismiss this matter with prejudice on or about May 15, 2020, and the court dismissed the case on June 11, 2020. ECF No. 53. Koon, through his appointed counsel in Clark, and defendants engaged in repeated and extensive negotiations as to the content of a full and final release of all claims (the "Release"), which encompassed the claims that were or could have been asserted in (1) this lawsuit, (2) Koon v. South Carolina Department of Corrections, No. 2018-CP-18-909, filed in the Dorchester County Court of Common Pleas, and (3) Clark. ECF No. 60-1.[3]

---

[2] Koon also filed a motion for a temporary restraining order, ECF No. 83, to protect Koon's legal rights during the pendency of the litigation. Because the court enforces the settlement agreement, the case is closed, and the court finds Koon's motion for a temporary restraining order to be moot.

[3] The court wishes to thank Mr. Swett for his service to the court and for agreeing to undertake and complete what undoubtedly was a difficult assignment. But for his efforts on behalf of plaintiff, the court is convinced that defendants would not have

## II.  DISCUSSION

Koon moves the court to set aside the settlement agreement the parties entered in this case, and defendants move the court to enforce the settlement.  In the Fourth Circuit, federal law governs the enforceability of settlement agreements reached in federal cases.  Gamewell Manufacturing, Inc. v. HVAC Supply, Inc., 715 F.2d 112, 116 (4th Cir. 1983).  Under federal law, "district courts have inherent authority, deriving from their equity power, to enforce settlement agreements."  Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002).  In order to exercise this power, a district court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions."  Id. at 540–41.  In making these determinations, courts generally rely on standard contract principles.  Topiwala v. Wessell, 509 F. App'x. 184, 186 (4th Cir. 2013).   The first step is to look to "the objectively manifested intentions of the parties" to determine whether there was a meeting of the minds.  Moore v. Beaufort Cnty., 936 F.2d 159, 162 (4th Cir. 1991).  To the extent "there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily."  Hensley, 277 F.3d at 541 (emphasis in original) (footnote omitted).  Instead, the district court must hold a plenary evidentiary hearing to resolve the dispute.  Id.  (quoting Millner v. Norfolk & W. Ry. Co, 643 F.2d 1005, 1009 (4th Cir. 1981)).  In the event a settlement "has been reached and its terms and conditions can be determined, the court may enforce

---

pursued a settlement, much less agreed to one.  The court appreciates all of his efforts and patience.

3

the agreement summarily as long as the excuse for nonperformance of the agreement is 'comparatively insubstantial.'" Hensley, 277 F.3d at 540 (quoting Millner, 643 F.2d at 1009) (internal citation omitted).  As a general principle, the settlement of disputes is favored by the courts, Williams v. First National Bank, 216 U.S. 582 (1910); consequently, "one who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Callen v. Pennsylvania R. Co., 332 U.S. 625, 630 (1948).

After careful review, it is clear to the court that the parties reached a complete agreement, and the court is able to determine the terms and conditions of such agreement via the Release, ECF No. 60-1.  Koon seeks to alter the terms of the settlement agreement, including by adding a requirement that defendants recommend that Koon's sentence be reduced pursuant to S.C. Code Ann. § 17-25-65(b)(4) and that parole be considered.  However, Koon may not unilaterally alter the terms of the settlement agreement to which he agreed, with the assistance of counsel.  Moreover, Koon's attempt to add terms to the settlement agreement does not constitute a factual dispute over the agreement terms warranting a plenary hearing.  Unfortunately for Koon, "having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." Young v. F.D.I.C., 103 F.3d 1180, 1195 (4th Cir. 1997).  As such, Koon's request that the court require defendants to recommend a sentence reduction or otherwise perform any action not specifically contemplated in the Release is without merit.

Koon alternatively requests that the court set aside the settlement agreement because his "own counsel has taken unfair advantage of [him]." ECF No. 62 at 3. However, Koon does not articulate how he was taken advantage of, except to the extent that he is now dissatisfied with the resulting settlement agreement. As such, Koon has not satisfied his burden of showing the agreement is tainted with invalidity. "Defeated expectations do not [] entitle the litigant to repudiate commitments made to opposing parties or to the court." Petty v. Timken Corp., 849 F.2d 130, 133 (4th Cir. 1988). A material dispute about the validity of a settlement agreement does not exist where a party merely alleges inadequate representation by his attorney during settlement discussions. Id. In such cases, "[u]nless the resulting settlement is substantially unfair, judicial economy commands that a party be held to the terms of a voluntary agreement." Id.; see also Sherman v. Philip Morris, Inc., 960 F.2d 147 (4th Cir. 1992) (unpublished) (affirming district court's enforcement of a settlement agreement and rejecting plaintiff's argument on appeal that inadequate representation by plaintiff's attorney had rendered his consent involuntary). Based on the foregoing, the court denies Koon's motion to set aside the settlement agreement and grants defendants' motion to enforce the same.[4]

---

[4] Koon likewise filed motions for discovery, ECF Nos. 72 and 77, related to evidence tending to show he is entitled to more than the settlement agreement contemplates. For example, he requests a purported video of his injuries, which defendants claim does not exist. To the extent Koon requests his casefile from his former counsel, the court has been informed that Koon was so provided. The court finds Koon's additional discovery requests, including his request for attorney-client privileged emails between defendants and their counsel, and requests for sanctions without merit. As such, the court denies these motions.

### III.  CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion to enforce settlement, **DENIES** the motion to set aside settlement, and **FINDS AS MOOT** all other motions and filings.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**March 29, 2021**
**Charleston, South Carolina**